Withers J.
uelivcred the opinion of the Court.
It docs not appear to this Court that there was any error in the Court below, by reason of refusing the motion to set aside the service in this case. It is not perceived how any non-conformity of the copy of the cause of action, as appearing upon the original and copy process, can affect the service by the sheriff. It is not by law, but by rule of Court, that such copy of the cause of action is required to be indorsed on or annexed to the copy process. The object of this (sec 1 Bailey, 124) is to give the defendant notice ofwhat he is to answer, and is intended to serve the purpose oí a bill of particulars, as used in the higher jurisdiction. Perhaps it ought not to be regarded any more as a part of the process itself, than the bill of particulars is regarded as a part of the declaration; and the penalty for omitting it altogether, or making an imperfect copy on the original or copy process, or on both, it would seem, should be the same. Now, the bill of particulais is no part of the record; but if it bo not filed, (as is said in Davis v. Hunt, 2 Bailey, 416,) the defendant may refuse to plead until it shall be filed. If evidence is offered of demands not contained in the bill of particulars, the evidence may be objected to, and this rule would have afforded ample and very proper protection to the defendant in the case before us. In the case of Cregier & Wife, v. Smyth, 1 Spears, 298, the omission altogether to file a bill of particulars was regarded as cause of demurrer; and the cases of Bailey v. Wilson, and the same v. Patton, 1 Bail., 15, cited in this case as authority for the motion to set aside the service, were adduced in Cregier & Wife v. Smyth, as authority to authorize a demurrer. There can be no doubt that it was proper to give leave to the plaintiff in the case before us to amend by striking out the note incorrectly copied,
The motion is refused.